UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RONRICCO PRICE,

          Plaintiff,          Case No. 1:09-cv-12

v.                                      Honorable Robert J. Jonker

L. PAUL BAILEY et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the Berrien County Jail. In his *pro se* complaint, he sues Sheriff L. Paul Bailey and the Berrien County Jail. Plaintiff claims that on the night of January 1, 2009, he and his cellmate got into a fight. Plaintiff's cellmate, who allegedly was much bigger than him, hit Plaintiff and would not let him go. Plaintiff claims that he was unable to call for help because his cell did not have an emergency call button. Another inmate housed two cells down from Plaintiff eventually was able to flag down a guard and alert him to the problem. Plaintiff claims that the fight went on for 10-15 minutes before the guards arrived. Plaintiff continues: "If there had been emergency call buttons in the cells, this fight would not have happened like it did. The guards and the attending nurse were also unprofessional during the investigation and while the nurse was tending to my injuries, in which I feel was not cared for properly." (Compl., 3, docket #1.)

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombley*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not

accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Emergency Call Button**

Plaintiff sues the Berrien County Sheriff and the Berrien County Jail. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A county jail is not a "person" within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). However, liberally construing Plaintiff's complaint, he intended to sue Berrien County. A county may only be liable under § 1983 when its policy or custom causes the injury. *Monell*, 436 U.S. at 694. In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th

Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the Court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

Plaintiff essentially argues that Defendants failed to protect him by not equipping his cell with an emergency call button. Arguably, Plaintiff is alleging that Sheriff Bailey had a policy or custom of not providing emergency call buttons, which resulted in a violation of his Eighth Amendment rights.[1] In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).

---

[1] Plaintiff does not allege whether he is in jail on pending criminal charges or has been convicted of an offense. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street*, 102 F.3d at 814; *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

The failure to provide an emergency call button, standing alone, does not constitute deliberate indifference. *See Parsons v. Wilkinson*, No. 97-3011, 1998 WL 791810, at *2 (6th Cir. Nov. 4, 1998). Plaintiff does not allege that Defendants had any forewarning whatsoever that Plaintiff's cellmate posed an assaultive risk. In short, Plaintiff has not alleged facts sufficient to show that he actually was put at serious risk of harm or that Defendants knew he was in such danger. Consequently, Plaintiff fails to state an Eighth Amendment claim.

    B. **Medical Care**

Plaintiff also claims that nurse who attended to his injuries after the fight was unprofessional and did not properly care for his injuries. Plaintiff does not name the nurse as a defendant in the complaint. In this instance, Plaintiff does not suggest that the Sheriff had a policy or custom of providing unprofessional or deficient medical care. Even if Plaintiff alleged a policy or custom, he fails to state an Eighth Amendment claim. To succeed on his Eighth Amendment claim, Plaintiff must be able to prove "'deliberate indifference' to his 'serious' medical needs." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 102, 106 (1976)). An Eighth Amendment claim of denial of medical care has both objective and subjective components, the objective component requiring proof of a "sufficiently serious" medical need, and

the subjective component requiring proof of "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle*, 429 U.S. at 104; and *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (emphasis in original)). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown*, 207 F.3d at 867 (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Assuming Plaintiff's injuries were sufficient to satisfy the objective component, Plaintiff's vague allegations that the nurse was "unprofessional" and that his injuries were "not cared for properly" fall far short of satisfying the subjective component of the deliberate indifference standard. (Compl., 3.) Furthermore, it is clear from Plaintiff's allegations that he received some medical treatment for the injuries he sustained in the fight with his cellmate. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant

to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).  Plaintiff, therefore, fails to state an Eighth Amendment medical claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee under § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   January 26, 2009             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

- 7 -